UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cr-20788-UU

UNITED STATES OF AMERICA

v.

TRAMELL FRANK MARSHALL,

    Defendant.
_____/

## ORDER

    THIS CAUSE is before the Court on Defendant Tramell Marshall's Motion to Suppress. D.E. 17.

    THE COURT has reviewed the Motion and the pertinent portions of the record, and is otherwise fully advised of the premises.

    This matter was referred to Magistrate Judge Alicia M. Otazo-Reyes, who, on January 26, 2015, issued a Report recommending that the Motion to Suppress be denied because he was not arrested or in custody on July 16, 2014. D.E. 42. The parties were afforded an opportunity to file objections to the Report and on February 6, 2015, Defendant Marshall filed timely objections. D.E. 49.

    Defendant Marshall seeks to suppress statements he made to Miami-Dade Police Detectives on July 16, 2014 regarding the events that took place on February 3, 2014 and the results of a DNA swab taken from him on July 16, 2014 as fruits of an illegal arrest. Additionally, he seeks to suppress his statements on July 16, 2014 and his October 28, 2014

statements because they were obtained in violation of *Miranda v. Arizona*.[1]  Upon *de novo* review, the Court agrees with Magistrate Judge Otazo-Reyes's recommendation and concurs in all of her findings, including her finding that the police officers' testimony was credible.

Under the Fourth Amendment, a person is seized if a reasonable person would believe that he or she is not free to leave.  *Florida v. Bostick*, 501 U.S. 429, 435 (1991).  And to protect the Fifth Amendment's privilege against self-incrimination from deteriorating to "but a form of words in the hands of government officials," *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (internal quotations omitted), the Supreme Court, in *Miranda*, held that in a criminal trial, the prosecution may not use statements derived from a custodial interrogation of the defendant unless the statements were voluntarily made after the defendant was warned of the following rights:

> He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

*Miranda*, 384 U.S. at 479.

Based on the testimony of Detectives Robles, Alvarado and Baaske, it is clear that Marshall was not arrested or in custody on July 16, 2014.  On July 16, 2104, Marshall voluntarily agreed to go with Detective Robles and Alvarado to the Miami-Dade Police Department and while there, Marshall was not placed in restraints, he was not searched and offered water.  After being questioned, Marshall was free to leave and report to his job.  There is no evidence that Marshall was not free to leave at any time during the questioning and there is no evidence that

---

[1] The Government does not intend to introduce Marshall's October 28, 2014 statements and therefore, the Motion to Suppress is moot as to the October 28, 2014 statements.

the Miami-Dade Police Department Detectives restrained Marshall in any way. As a result, the Court finds that Marshall's statements regarding the events that took place on February 3, 2014 and the results of a DNA swab taken from him on July 16, 2014 are not fruits of an illegal arrest. Lastly, due to the fact that Marshall was not in custody on July 16, 2014, his statements are not barred by *Miranda*. *Thompson v. Keohane*, 516 U.S. 99, 107 (1995) (finding that the duty to give *Miranda* warnings is triggered only when a person is in custody). Accordingly, it is

ORDERED AND ADJUDGED that the Report of the Magistrate Judge (D.E. 42) is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGED that the Motion to Suppress, D.E. 29, is DENIED.

DONE AND ORDERED in Chambers in Miami, Florida, this 23d day of March, 2015.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record